UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DELL INC., MICHAEL S. DELL, KEVIN B. ROLLINS, JAMES M. SCHNEIDER, LESLIE L. JACKSON, NICHOLAS A. R. DUNNING<br><br>Defendants. | Civil Action No. 10 1245 |

**FINAL JUDGMENT AS TO DEFENDANT DELL INC.**

The Securities and Exchange Commission having filed a Complaint and defendant Dell Inc. (Defendant) having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13] by filing or causing to be filed with the Securities and Exchange Commission any information, document, or report required to be filed with the Commission pursuant to Exchange Act Section 13(a) and the rules and regulations promulgated thereunder, which contains any untrue statement of a material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by failing:

(a) to make and keep books, records, and accounts that, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

    (b)    to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that - (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall perform the following undertakings:

    a.    Defendant shall enhance its Disclosure Review Committee ("DRC") and the DRC's processes by having qualified outside counsel attend all DRC meetings and review all Commission periodic filings prior to filing. Outside counsel shall be expert in the federal securities laws in general, and in particular in the disclosures required by Regulation S-K Item 303 ("Management's Discussion and Analysis of Financial Condition and Results of Operations"). Defendant shall have qualified outside counsel attend all DRC meetings and review all Commission periodic filings prior to filing for a minimum period of three years after the entry of the Final Judgment.

    b.    Within thirty days of the entry of Final Judgment, Defendant shall retain, at its own expense, an independent consultant ("Independent Consultant") not unacceptable to

the staff ("Staff") of the Commission's Division of Enforcement to review and evaluate Defendant's disclosure processes, practices and controls and to recommend changes designed to improve those processes, practices and controls. The Independent Consultant shall issue a report ("Report") of his or her review, evaluation and recommendations within 120 days of his or her retention, and a copy of the Report shall be provided to Defendant and the Staff. Defendant shall adopt and implement all recommendations contained in the Report within ninety days; provided, however, that if Defendant believes that any recommendation is unreasonable, Defendant may suggest an alternative policy or procedure in writing to the Independent Consultant within thirty days of the issuance of the Report. A copy of any such proposed alternative(s) shall be provided to the Staff. Defendant will attempt in good faith to reach agreement with the Independent Consultant as to any recommendation as to which there is dispute. In the event Defendant cannot reach agreement with the Independent Consultant within thirty days of the submission of the proposed alternative(s), Defendant will adopt and implement, within forty-five days after such thirty-day period, those recommendations of the Independent Consultant required by the Staff. The Staff may agree to extend the deadlines set forth in this sub-paragraph at the request of Defendant or the Independent Consultant.

      c.      Defendant shall provide, at its own expense, annual training reasonably designed to minimize the possibility of future violations of the disclosure requirements of the federal securities laws. Completion of such training shall be mandatory for (i) members of the Audit Committee of Defendant's Board of Directors; (ii) members of the DRC; (iii) Defendant's senior officers; (iv) Defendant's internal disclosure counsel; (v) personnel in Defendant's Internal Audit Department that perform assurance services; (vi) all persons required to certify in Defendant's filings with the Commission that such filings make adequate disclosure under the

federal securities laws; and (vii) all other persons employed by Defendant who have responsibility for the review of Defendant's filings with the Commission. Such training shall cover the disclosure requirements of the federal securities laws, with particular focus on the disclosures required by Regulation S-K Item 303 ("Management's Discussion and Analysis of Financial Condition and Results of Operations"). Defendant shall provide to the Staff a written description of the content and planned implementation of the training program within forty-five days after entry of this Final Judgment and begin providing the training within forty-five days thereafter. Defendant shall provide such training on an annual basis for a minimum period of three years after the entry of the Final Judgment.

       d.      Defendant shall certify, in writing, compliance with each undertaking set forth above. The certification shall identify the undertaking, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. The certification and supporting material shall be submitted to Tim England, Esq., and Rami Sibay, Esq., with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty days from the date of the completion of each undertaking.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, with respect to paragraph V.b. above, Giovanni P. Prezioso, having been selected by Defendant and being not unacceptable to the Staff, is hereby approved to serve as Independent Consultant by the Court.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1 and a civil penalty in the amount of $100,000,000 (ONE HUNDRED MILLION DOLLARS) pursuant to Securities Act Section 20(d) [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]. Defendant shall satisfy this obligation by paying $100,000,001 within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Dell Inc. as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent and Undertakings executed by Defendant is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the agreements and undertakings and set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 10/13/10

_____
UNITED STATES DISTRICT JUDGE