UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | : | Docket No. CV10-1245 |
| COMMISSION, | : | (RJL) |
| | : | |
| Plaintiff, | : | October 13, 2010 |
| | : | |
| | : | 2:00 p.m. |
| v. | : | |
| | : | |
| DELL, INC., ET AL. | : | |
| | : | |
| Defendants. | | |

. . . . . . . . . . . . . . . .


TRANSCRIPT OF SETTLEMENT HEARING
BEFORE THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE


APPEARANCES:


For the Plaintiff:              JOHN D. WORLAND, JR.
                               RICHARD SKAFF
                               Securities and Exchange Commission
                               100 F Street, NE
                               Washington, DC 20549


For the Defendant
Michael Dell:                  JOHN F. SAVARESE
                               Watchell Lipton Rosen & Katz
                               81 West 52nd Street
                               New York, New York 10019


For the Defendant Dell, Inc.:  DAVID M. ZORNOW
                               Skadden Arps Slate Meagher & Flom,
                                    LLP
                               4 Times Square
                               New York, New York 10036

APPEARANCES CONTINUED:

                              CHARLES F. WALKER
                              Skadden Arps Slate Meagher & Flom,
                                   LLP
                              1440 New York Avenue, NW
                              Washington, DC 20005


                              LAWRENCE P. TU
                              LAURA J. COLEMAN
                              Dell, Inc.
                              One Dell Way
                              Round Rock, Texas 78682

For the Defendant
James Schneider:              DEBEVOISE & PLIMPTON, LLP
                              W. NEIL EGGLESTON
                              555 13th Street, NW
                              Washington, DC 20004


For the Defendant
KEVIN ROLLINS:                MICHAEL D. MANN
                              Richards Kibbe & Obre
                              Portrait Building
                              701 8th Street, NW
                              Washington, DC 20001



Court Reporter:               PATTY ARTRIP GELS, RMR
                              Official Court Reporter
                              Room 4700-A, U.S. Courthouse
                              Washington, D.C. 20001
                              (202) 962-0200


Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.

1                        P R O C E E D I N G S

2            COURTROOM DEPUTY:  Calling civil case 10-1245

3    Securities and Exchange Commission versus Dell Inc., et al.

4    Would counsel please come forward and identify yourself for the

5    record?

6            MR. WORLAND:  Jack Worland for the Securities and

7    Exchange Commission.  With me is Richard Skaff.

8            THE COURT:  Welcome.

9            MR. ZORNOW:  Your Honor, good afternoon, David Zornow

10   Skadden Arps Slate Meagher and Fom, LLP and I am joined by my

11   partner Charles Walker for Dell Inc.

12           THE COURT:  Welcome.

13           MR. SAVARESE:  Good afternoon, your Honor, John

14   Savarese from the firm of Wachtell Lipton representing Michael

15   Dell.

16           THE COURT:  Welcome.

17           MR. MANN:  Good afternoon, your Honor, Michael Mann

18   from Richards Kibbe and Orbe, LLP representing Kevin Rollins.

19           THE COURT:  Welcome.

20           MR. EGGLESTON:  Good afternoon, your Honor, Neil

21   Eggleston, Debevoise & Plimpton representing James Schneider.

22           THE COURT:  Welcome back.  Welcome, everyone.  The SEC

23   for years has been resolving investigations into violations of

24   their regulations and applicable statutes via civil settlement

25   agreements that are announced in conjunction with complaints

1     publicly filed.

2         In these settlement agreements, companies and

3     individuals neither admit nor deny the allegations in the

4     complaint, but simply agree to pay a fine, disgorge certain

5     monetary grains, and commit to complying with certain SEC

6     regulations and statutes in the future.  Normally a Federal

7     District Judge upon reviewing the complaint and the consent

8     agreement will register his or her approval without the

9     necessity of a hearing.

10         Recently, however, some Judges around the country in

11     unrelated cases have held hearings to question the SEC on the

12     record as to why no individuals were named in certain

13     complaints.  That, of course, is not the situation in this case.

14     Indeed, here the SEC has filed a complaint and reached civil

15     settlements with not only Dell, Inc. but a group of seven of its

16     corporate officials.

17         What makes this case unique, however, is both the

18     magnitude of the civil penalties included in the settlement

19     agreements with the company and three of its most senior

20     officials and the unusual circumstance under which the company's

21     civil settlement is being overseen by its current CEO who had

22     reached his own settlement agreement while he was chairman of

23     the company's board but without any import from that board.

24         Thus, it struck me as I reviewed the complaint and the

25     settlement agreements that a brief public hearing would be

1    appropriate in this case to afford the SEC an opportunity to

2    describe the circumstances surrounding these settlements.  In

3    addition, it seemed only fair to give the company and the senior

4    most officials an opportunity to comment as well as to their

5    perspective regarding their ongoing responsibilities under the

6    terms of their individual settlement agreements.

7            Finally, it seemed appropriate that I briefly inquire

8    as to each party's commitment to their obligations under these

9    agreements.  Accordingly, I have invited the SEC, Dell, Inc. and

10   the most senior current and former officials named in the

11   complaint for this brief hearing today.

12           Now, I want to stress at the outset that nothing we

13   will cover today is intended in any way to undermine the

14   critical principle of either admitting or denying the contents

15   of the complaint that underlies the SEC's civil enforcement

16   settlement procedure used to resolve these type of cases.

17           Indeed, the civil settlements themselves will in the

18   final analysis be the most enduring testament to the accord

19   reached between the parties.  As such, today's hearing is merely

20   an opportunity to assure the Court and the public that the terms

21   embodied in these agreements reflect not only the letter but the

22   spirit of the enforcement achievement reflected therein.

23           Mr. Worland, we will start with the SEC.  What

24   comments, if any, would you like to make surrounding these

25   circumstances?

1          MR. WORLAND:  Thank you, your Honor.  We are before

2    this Court this afternoon to resolve a case arising from

3    activities at Dell, Inc. between 2001 and 2006.  The primary

4    complaint against Dell, Inc., the corporation, also names five

5    individuals.  Two companion complaints were filed against two

6    additional individuals, and the settlements of all of those

7    cases are also before your Honor today.

8          These settlements are appropriate.  The SEC is proud of

9    its conduct of this investigation and pleased with the results.

10   We feel strongly this case represents an outstanding example of

11   effective regulatory law enforcement.  The complaints clearly

12   set forth the basis for the charges against each Defendant.

13   Names are named.  The relationships between the activities

14   described in the complaints and the legal charges alleged in the

15   complaints are straightforward and clear.

16         The settlements themselves address all of the charges

17   in the complaints with appropriate relief.  The settlements do

18   not involve any admission or denial, but both the corporation

19   and the individual Defendants have accepted relief that resolves

20   this matter going forward in a fully acceptable fashion.

21         This case grew out of an extensive SEC investigation

22   that commenced in 2005.  Subsequently Dell, Inc. itself

23   commenced an internal investigation on its own into alleged

24   accounting irregularities.  The Dell internal investigation led

25   to a comprehensive restatement with respect to accounting

1    matters that was announced in 2007.

2         Dell provided the SEC with the results of its internal

3    investigation and cooperated with the SEC's additional

4    results -- requests.  The SEC's investigation reviewed the

5    internal materials compiled by Dell during its investigation,

6    including over 130 interview memos and substantial work papers

7    prepared on the accounting issues.

8         The SEC also gathered and reviewed contemporaneous

9    records on the matters identified in the complaints as well as

10   several other matters that did not give rise to charges.  The

11   SEC gathered millions of documents in the course of its

12   investigation.  In addition, they conducted interviews with over

13   30 individuals and also took testimony of those individuals.

14        Now, the SEC's complaint, the primary complaint that

15   names the corporation, describes two major areas of improper and

16   illegal behavior.  The first major area concerns various

17   disclosure violations which relate primarily to Dell's receipt

18   of large payments from Intel Corporation.  The failure to

19   disclose the nature and size of these payments effectively

20   misrepresented the basis of Dell's improving profitability.

21        Dell's separate fraudulent and improper accounting

22   during this time period wrongfully made it appear that Dell was

23   consistently meeting Wall Street's earnings targets and reducing

24   its operating expenses organically.

25        The primary charges against Dell, Inc. with respect to

1    the Intel disclosure failure involves Section 782 and 3 of the

2    Securities Act of 1933.  These charges allege that the failure

3    to disclose the nature and size of the Intel payments operated

4    as a fraud against the public; but unlike a traditional fraud

5    claim, these charges do not allege that the company or any of

6    the individuals involved had an intent to defraud.

7    Practitioners of securities law usually refer to this charge as

8    non-scienter or negligence based fraud.

9        Michael Dell, Kevin Rollins, the former Chief Executive

10   Officer of Dell, Inc., and James Schneider, the former Chief

11   Financial Officer of Dell, Inc. are all charged individually

12   with respect to the Intel disclosure matters.  As in the case of

13   the company, the complaint does not allege that any of these

14   individuals had a specific intent to defraud.

15       Unlike the non-scienter fraud charges involving the

16   Intel disclosure, the complaint charges the corporation Dell,

17   Inc. with intentional fraud under Section 10 B and SEC Rule 10 B

18   5 for the accounting related violations as well as other

19   subordinate charges.  Although the accounting fraud activities

20   involved a number of different persons working on the relevant

21   matters over different time periods and with various levels of

22   knowledge, collectively for the entire course of the accounting

23   fraud, Dell, Inc. had the requisite intent to commit fraud as a

24   corporation and was so charged.

25       The individuals charged with respect to the accounting

1    fraud include Mr. Schneider for negligence with respect to the

2    corporate accounting matters.  Also charged with negligence with

3    respect to the accounting fraud is Robert Davis, former Chief

4    Accounting Officer.  Mr. Schneider and Mr. Davis as well as two

5    former Assistant Controllers Randall Imhoff and Leslie Jackson

6    and the former Finance Director of one of Dell's  overseas

7    regions, Nicholas Dunning were also charged with internal

8    control and books and records violations as well as aiding and

9    abetting company violations.

10        Now, the settlement that has been crafted to address

11    these charges involve the corporation and each of the

12    individuals with separate, as your Honor knows, proposed final

13    judgments.  Dell, Inc. has agreed to full injunctive relief with

14    respect to the charges, a $100 million civil penalty and three

15    specific undertakings to promote full compliance with the

16    securities laws in the future.  The $100 million penalty is

17    large but not inconsistent with penalties that the SEC has

18    secured in other significant cases.

19        The SEC seeks permission with respect to all of these

20    settlements and the penalties contained in there to fair fund or

21    create a fair fund for these monies to provide the opportunity

22    to shareholders to recover some of these funds.  The

23    undertakings of the corporation include the appointment of an

24    individual consultant to review and propose improvements to

25    Dell's disclosure practices.

1          In addition, for a period of three years Dell will be

2     required to improve its disclosure review committee -- it is a

3     sitting body that they have had for some time -- by engaging

4     outside counsel with appropriate expertise to attend all

5     disclosure review committee meetings and review all periodic

6     filings made to the SEC by the corporation.

7          Also for a minimum of three years Dell has agreed to

8     institute and maintain a training program for appropriate

9     individuals to minimize the risk of any future violations with

10    respect to the disclosure requirements.

11         As to the individuals, Michael Dell and Kevin Rollins

12    have each agreed to full injunctive relief and the payment of a

13    $4 million civil penalty for each.  Mr. Schneider has agreed to

14    full injunctive relief, disgorgement and prejudgment interest of

15    $121,736 and a civil penalty of $3 million.  He has also

16    separately agreed to a five-year accountant's bar with respect

17    to the SEC.

18         Mr. Davis has agreed to full injunctive relief,

19    disgorgement and prejudgment interest of $28,158 and a civil

20    penalty of $175,000.  He has also agreed to a five-year

21    accountant's bar with the respect to the SEC.

22         Mr. Imhoff has agreed to full injunctive relief,

23    disgorgement  and  prejudgement interest of $19,049 and a civil

24    penalty of $25,000.  He has also agreed to a three-year

25    accountant's bar.

1          Miss Jackson has agreed to full injunctive relief and

2     to a three-year accountant's bar with respect to appearing

3     before the SEC.

4          Mr. Dunning has agreed to full injunctive relief, a

5     civil penalty of $50,000, and a three-year accountant's bar.

6          Now, the SEC wishes to emphasize that the process and

7     the procedures that have been applied in this case is the same

8     as those that are applied in other SEC cases.  If anything,

9     because of the significance of the case, more attention has been

10    given to this matter than in most others; but the fundamental

11    process has been the same.  The staff conducted a full and

12    complete and intensive investigation.  They also met with

13    counsel for the proposed Defendants on numerous occasions who

14    each had an opportunity to be heard at length.

15         These settlements were entered on a no admit, no deny

16    basis.  The Defendants are prohibited from denying the

17    allegations in the respective complaints while the SEC cannot

18    claim that anyone has admitted anything.  As the Court well

19    knows and as you previously made reference to, this basis of

20    settling Commission complaints is important to the SEC's

21    enforcement program, and we respectfully urge the Court and the

22    individual Defendants when they make their statements to keep

23    this fact in mind.

24         We would certainly ask your Honor to enter the

25    settlements that have been agreed to.

1          THE COURT:  Thank you, Mr. Worland.

2          MR. WORLAND:  Thank you very much.

3          THE COURT: Mr. Zornow, would you like to come up?

4          MR. ZORNOW:  Yes, your Honor, thank you.  Your Honor,

5    thank you for the opportunity to be heard regarding Dell's

6    decision to settle this matter.  The settlement is the result of

7    rigorous negotiations between the parties and careful

8    deliberations within the company.  I would like to address the

9    SEC's allegations, the audit committee investigation and

10   restatement, the company's remediation and its additional

11   undertakings.

12          With the Court's permission, I will then ask Larry Tu,

13   the General Counsel and Secretary of Dell, to address the robust

14   process undertaken by the company's independent directors to

15   evaluate the settlement on behalf of the shareholders.

16          Turning to the complaint, as Mr. Worland stated, the

17   complaint alleges two separate and distinct violations of the

18   securities laws, the first relating to accounting practices and

19   the second to what I will call the Intel disclosure issues.

20          Regarding the accounting practices, all of the

21   accounting misstatements alleged in the complaint had been

22   previously considered by the company and its audit committee as

23   the result of an independent investigation initiated by the

24   audit committee in August of 2006.

25          Three years ago, as Mr. Worland indicated, the company

1   made adjustments to its financial statements for the accounting

2   misstatements discussed in the complaint in the form of a

3   restatement filed in October of 2007.  I will speak more about

4   the audit committee investigation in a moment.

5           As Mr. Worland indicated, the SEC determined that the

6   Intel disclosure issues raised in the complaint warranted only

7   negligence based fraud charges under Securities Act Section 17 A

8   2 and 3.  Negligence charges, your Honor, are appropriate with

9   regard to these disclosure matters.  This is not a case when

10  management considered and rejected disclosure or covered up

11  information related to disclosure.  The complaint makes no

12  allegations that Dell improperly accounted for any of the

13  rebates received from Intel.

14          In short, there was no specific intent to defraud and

15  the SEC alleges no specific intent to defraud with regard to the

16  disclosure violations.

17          Now, I mentioned the audit committee investigation and

18  I want to emphasize to the Court that the audit committee took

19  the investigation very seriously.  It voluntarily initiated the

20  investigation when, in responding to requests from the SEC, the

21  company discovered information that raised potential accounting

22  and financial reporting issues.  The investigation was thorough

23  and extensive.

24          To assist in the investigation, the audit committee

25  retained independent counsel and that independent counsel in

1    turn engaged one of the big four accounting firms as forensic

2    accountants.  The investigative team evaluated millions of

3    documents and conducted over 230interviews of approximately 140

4    individuals.  Dell's cooperation with the SEC included, as Mr.

5    Worland stated, voluntarily sharing the results of the audit

6    committee investigation with the SEC.  I can tell, your Honor,

7    that this was as thorough an investigation as any I am familiar

8    with.

9         Now, let me turn to the company's remediation.  As a

10   result of the audit committee and SEC investigations, Dell has

11   engaged in significant efforts to strengthen its internal

12   procedures and controls and the remedial measures were put in

13   place by the company on its own initiative well before the SEC

14   settlement.

15        For example, the accounting external reporting and

16   accounting policy functions were separated from the planning and

17   forecasting activities.  The company has also undertaken an

18   ongoing global accounting training initiative.  Ethics and

19   compliance training have also been improved and enhanced.  These

20   are just some examples, your Honor, of the company's efforts

21   but, in short, the remediation has been extensive and effective.

22        Now, as Mr. Worland said, as part of its settlement

23   with the SEC, Dell has also offered and agreed to strengthen its

24   disclosure policies, practices and procedures.  As Mr. Worland

25   explained, Dell will retain an independent consultant to review

1   and evaluate the company's policies, practices and controls and

2   recommend changes.  In addition under the settlement, the

3   company's disclosure review committee will have qualified

4   outside counsel attend all meetings, and Dell will provide

5   annual training on disclosure.

6        Now, your Honor, with your permission, I would like to

7   ask Larry Tu to approach the podium.  He is the company's

8   General Counsel and Secretary.  He is here to explain the

9   process Dell's independent directors undertook in approving the

10  proposed settlement.

11       Just by way of background, Mr. Tu has served as Dell's

12  General Counsel since he joined the company in July 2004.  Prior

13  to joining Dell, he served in the General Counsel role at other

14  companies as well as practicing as a partner in a private law

15  firm.  In his role as General Counsel, Mr. Tu oversees the

16  global Legal Department for the company.  He also manages

17  government affairs and the company's compliance and ethics

18  functions.  Mr. Tu.

19       THE COURT:  Thank your, Mr. Zornow.  Mr. Tu, welcome.

20       MR. TU:  Thank you, your Honor.  I am Larry Tu, the

21  General Counsel and Secretary of Dell.  I would like to describe

22  the process the independent directors followed in reviewing and

23  approving the settlement of this matter.

24       Dell's Board of Directors has 11 members, 9 of whom are

25  independent.  The lead independent director is former Senator

1    Sam Nunn.  We followed a careful process in this matter.  The

2    nine independent directors of the Dell board met in executive

3    session and were advised and counseled by their independent

4    counsel, Jack Hardin and Tony Powers of the Atlanta law firm,

5    Rogers & Hardin.  I would like to describe that process for you.

6         The independent directors met on a number of occasions

7    with respect to this SEC matter.  When I advised the independent

8    directors that discussions had progressed to a point of

9    potential resolution, the independent directors met and received

10   a full briefing on the investigation status.

11        They then conferred in executive session and authorized

12   counsel for the company to proceed with further discussions.

13   Counsel for the company thereafter did in fact engage in further

14   discussions with the SEC staff.

15        Once we had in hand the terms of a potential

16   settlement, the independent directors met again and received a

17   full briefing.  The independent directors conferred in executive

18   session and approved the proposed settlement after a careful

19   review.  Prior to approving the settlement, they were fully

20   informed by me and by outside counsel for the company about all

21   of the facts and circumstances of the SEC investigation and of

22   the proposed settlement terms, and they had the advice and input

23   of their independent counsel.

24        As a result of this process, the independent directors

25   have concluded that it is in the best interest of the company,

1    its customers, and its shareholders to resolve this matter now

2    without admitting or denying the allegations in the SEC's

3    complaint.  Of course, the settlement embodies a compromise; but

4    in settling this matter, Dell will avoid the costs, risks and

5    other uncertainties associated with protracted litigation.

6          The independent directors have also reaffirmed their

7    unanimous support for Michael Dell's continued leadership of the

8    company.  Thank you, your Honor.

9          THE COURT:  Before you go, Mr. Tu, let me just ask you

10   a few brief questions.  In addition to the comments you just

11   made, do you have any other comments that you would like at this

12   time to make in response to anything that the SEC has already

13   stated today?

14         MR. TU:  I do not, your Honor.

15         THE COURT:  All right.  You, of course, reviewed the

16   consent agreement and indeed you as a corporate officer and

17   General Counsel, you signed it on behalf of the company, did you

18   not?

19         MR. TU:  That's correct.

20         THE COURT:  Right. And you have reviewed the final

21   judgment that the SEC has proposed for the Court to approve,

22   have you not?

23         MR. TU:  I have.

24         THE COURT:  All right.  And would it be fair to say

25   that you are in full accord with the terms of not only the

1  consent agreement but the proposed final judgment?

2           MR. TU:  I am.

3           THE COURT:  And are you satisfied that the company is

4  fully prepared to meet all the obligations that are set forth in

5  both?

6           MR. TU:  Yes, I am, your Honor.

7           THE COURT:  Very good.  I don't have any other

8  questions.

9           MR. TU:  Thank you.

10          MR. Zornow:  Your Honor, I just have a brief concluding

11  comments.

12          THE COURT:  Brief is an important word in that sentence

13  there, Mr. Zornow.  We don't want to turn this into an

14  infomercial.

15          MR. ZORNOW:  Very brief, if I can find them.  Your

16  Honor, Dell has responded to these issues as a responsible

17  corporate citizen.  Dell cooperated with the SEC staff and its

18  investigation and in getting the matter settled; and the company

19  employed an appropriate process internally and at the board

20  level in reaching that result.  The company's remedial efforts

21  have been comprehensive.  There were new personnel in charge

22  of financial reporting and accounting and new systems are in

23  place.

24          Further, Dell is fully committed to continuing to

25  enhance and strengthen its policies, practices, controls and

1    compliance program so that they continue to be state of the art.

2    Dell has chosen to settle to put this matter behind it. Under

3    the circumstances, your Honor, we submit that this settlement is

4    appropriate, and we respectfully request that your Honor enter

5    the proposed judgment.

6         THE COURT:  Thank you, Mr. Zornow.  Mr. Savarese, you

7    can come up with your client.

8         MR. SAVARESE:  Thank you very much, your Honor. At your

9    Honor's request, my client, Mr. Dell, is here today in full

10   support of all of the parties' joint requests that your Honor

11   enter the proposed judgment in connection with the agreed upon

12   settlement.

13        We very much appreciate the SEC's acknowledgment on the

14   record today before your Honor that the complaint against Mr.

15   Dell relates solely and exclusively to the Intel disclosure

16   issue.  He has not alleged to have had any involvement in or

17   responsibility for the separate accounting violations.  As Mr.

18   Worland also stated, the complaint here also does not allege any

19   specific intent to defraud in regard to Mr. Dell.

20        Finally, we appreciate and certainly agree with the

21   SEC's recognition that the charges here under Section 17 A

22   relate solely to and are grounded only in negligence and do not

23   allege scienter.

24        Now, your Honor, Mr. Dell who I will ask to come up and

25   join me at the podium has a brief statement that he would like

1   to make; and he is certainly happy to answer any questions that

2   your Honor may have.

3           THE COURT:  All right.  Well, Mr. Dell, you have heard

4   the SEC's description of its investigation, complaint and

5   settlement and you have heard Mr. Zornow's description of the

6   corporation's response and cooperation along the way and you

7   have heard what Mr. Tu had to say, of course, as well.  So it

8   seems only fair that if you have any comment, that you should

9   have an opportunity to make it at this point.  So be my guest.

10          MR. DELL:  Thank you, your Honor.  I appreciate the

11  opportunity to appear today in support of the settlements that

12  are pending before the Court.  First of all, with respect to the

13  settlement entered into by the company, I would like to confirm

14  that I was not involved in its negotiation or its consideration

15  by the independent directors.

16          As you have already heard from Mr. Tu, we made the

17  judgment early on that it would be more appropriate for all of

18  that to be handled by the independent directors and, as you have

19  heard, I was not involved.

20          Second, I would like to assure your Honor that as

21  Chairman and CEO of the company, I am fully committed to making

22  sure that our company implements all of the undertakings in the

23  company's settlement fully and effectively.  We are absolutely

24  committed to having the best practices in regards to disclosures

25  and accounting controls.

1          Even before the SEC settlement, adopted enhanced

2    accounting controls, and we have continued to make a wide

3    variety of improvements.  I am very confident in the team of

4    legal, accounting and compliance professionals that we have in

5    place that are a first rate team and are fully committed to

6    implementing the settlement in full and on time.

7          Likewise, all of our business and operational personnel

8    fully understand and share my commitment to proper disclosure

9    and financial reporting.  I am also pleased that the company and

10   my own settlement payments are available to be contributed to a

11   fair fund established under the settlement and, therefore, may

12   be distributed to Dell shareholders.

13         Finally, as your Honor knows, these settlements like

14   all SEC settlements were entered into on the express

15   understanding that there would be no admission and no denial of

16   any of the SEC allegations.  Out of respect for the

17   long-standing SEC policy, I can't say anything more other than

18   we will certainly live up to all of the commitments in the

19   settlement and that we are pleased to put this matter behind us

20   and focus on the challenges and opportunities ahead.

21         THE COURT:  Thank you, Mr. Dell.  You pretty much

22   answered all of my questions before I even asked them to you,

23   but I guess that's what Mr. Savarese's job is supposed to be in

24   the final analysis.  Let me just ask you this.  With regard to

25   the personal settlement that you reached independent of the

1    board, you have reviewed that and studied it, have you not?

2            MR. DELL:  Yes, I have.

3            THE COURT:  And that's your signature, is it not?

4            MR. DELL:  Absolutely.

5            THE COURT:  All right. And you are fully committed to

6    honoring the terms of that agreement, are you not?

7            MR. DELL:  Absolutely, I am.

8            THE COURT:  Now, with regard to the company's

9    settlement agreement which you had no involvement; is that

10   correct?

11           MR. DELL:  That's correct.

12           THE COURT:  You have now since had a chance to see

13   that, have you not?

14           MR. DELL:  Yes I have.

15           THE COURT:  And, of course, the proposed final judgment

16   as well as it relates to the company?

17           MR. DELL:  Absolutely.

18           THE COURT:  Right. And as CEO, you are equally

19   committed to making sure that the terms and conditions of that

20   agreement as well as your own are fully met along the way?

21           MR. DELL:  Yes, I am.

22           THE COURT:  Very good.  Thank you, Mr. Dell.

23           MR. DELL:  Thank you.

24           THE COURT:  Have a seat.

25           MR. SAVARESE:  Thank you, your Honor.

1          THE COURT:  Thank you.  I will next hear from Mr. Mann.

2          MR. MANN:  Your Honor, you requested that I come here

3   with Mr. Rollins and we are here today to answer any of your

4   questions on the settlement.

5          THE COURT:  Very good.  Mr. Rollins can come up.

6   Welcome, Mr. Rollins.

7          MR. ROLLINS:  Thank you, your Honor.

8          THE COURT:  I just have a few brief questions for you.

9   First is to give you an opportunity to make any comment you

10  have.  You have heard the SEC's description of its investigation

11  and the complaint and the resolution of it and you have heard

12  the Dell company's perspective on it; and I thought it only fair

13  to give you a chance to make whatever comment you thought was

14  appropriate from your perspective.

15         MR. ROLLINS:  Thank you very much, your Honor. As the

16  Court is aware, I agreed to settle the case before you on the

17  basis that I would neither admit nor deny the allegations made

18  by the SEC, and I fully intend to honor that commitment.

19         Throughout my tenure at Dell I always did my best for

20  the company, its shareholders and  employees working with my

21  colleagues to build what I believe became one of the America's

22  great companies.  I left Dell over three years ago for reasons

23  that had nothing to do with this case; but in agreeing to settle

24  this matter, I fully understand that the SEC has taken issue

25  with the disclosure that was made with respect to the company's

1    commercial relationships with the Intel Corporation while I was

2    a member of the company's leadership.

3           I believe it is extremely important to highlight,

4    however, as the SEC has stated today that there is no

5    allegation that the alleged failures were the result of any

6    intent to deceive by me.  Thank you, your Honor.

7           THE COURT:  Very good.  Mr. Rollins, the only -- I mean

8    you have pretty much anticipated my questions and answered

9    them -- let me just ask you this.  With regard to the settlement

10   agreement and proposed final judgment as it relates to you

11   personally, you have reviewed both of them carefully, have you

12   not?

13          MR. ROLLINS:  Yes.

14          THE COURT:  And that's your signature certainly on the

15   settlement agreement, is it not?

16          MR. ROLLINS:  Yes.

17          THE COURT:  And you are fully committed to honoring all

18   the terms and conditions of it, are you not?

19          MR. ROLLINS:  Yes.

20          THE COURT:  Thank you, Mr. Rollins.  You can have a

21   seat.  Mr. Eggleston.

22          MR. EGGLESTON:  Thank you, your Honor. Mr. Schneider is

23   also here to appear before the Court in support of the entry of

24   the final judgment in this matter and with your permission I

25   will ask Mr. Schneider to come up.

1          THE COURT:  He is welcome to come up.  Welcome, Mr.

2    Schneider.  You have heard the SEC's description and you have

3    heard, of course, the Dell description and the other comments.

4    It seems to me you have a right make any comment that you think

5    is appropriate under the circumstances.

6          MR. SCHNEIDER:  Thank you, your Honor.  As you know, I

7    agreed to resolve the issues raised by the SEC.  The SEC's

8    complaint does not allege that I acted with an intent to

9    deceive.  I signed the consent that has been presented to you

10   which provides that I will not make public statements denying

11   the substance of the allegations in the SEC's complaint.  I

12   intend to comply with that provision.  I would, however, like to

13   say a few words about how I view my time at Dell.

14          I spent over ten years of my professional career at

15   Dell.  I served as the company's Chief Financial Officer for

16   seven of those years.  For a period of time, I also concurrently

17   served as a Chief Information Officer.  During my tenure at the

18   company, Dell's revenues and assets grew over seven fold.  We

19   truly became a global company with operations throughout the

20   world.  By the time I left Dell, I had more than 5,000 employees

21   under my supervision.

22          It was both a challenge and an honor to help manage a

23   company that was growing so rapidly.  I am proud of what my

24   colleagues and I achieved at Dell.  Thank you, your Honor.

25          THE COURT:  Thank you, Mr. Schneider.  Let me just ask

1  you this.  With regard to the consent agreement, first of all,

2  you have reviewed and studied that, have you not?

3          MR. SCHNEIDER:  Yes, sir.

4          THE COURT:  And that's your signature on it, is it not?

5          MR. SCHNEIDER: Yes, sir.

6          THE COURT:  And with regard to the proposed final

7  judgement, you have had a chance to review that as well, have

8  you not?

9          MR. SCHNEIDER:  Yes, your Honor.

10          THE COURT:  And you are prepared to commit to honoring

11  all the terms and conditions of both, are you not?

12          MR. SCHNEIDER:  Yes, I am.

13          THE COURT: Thank you very much.  Thank you, Mr.

14  Eggleston.  Does the SEC have anything further to add since you

15  haven't had a chance to respond to anything so far?

16          MR. WORLAND:  Your Honor, the only thing I would like

17  to request is that you enter the settlements that we have

18  presented to you; and we appreciate the consideration you have

19  given us today.  Thank you very much.

20          THE COURT:  Thank you, Mr. Worland, and I thank all of

21  the counsel and the parties for your work in anticipation of

22  today's hearing.  As you are probably well aware, I have given

23  this case a lot of thought, certainly especially in preparation

24  for this hearing.  I am prepared to enter final judgments in

25  each of these cases and expect to execute those before this day

1    ends.  So they will become an official part of the Court's

2    record sometime today.

3            Thank you very much for your hard work.  We will stand

4    in recess.

5            (Whereupon, at 2:45 p.m., the proceedings were

6    concluded.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                         CERTIFICATE OF REPORTER

2

3           I, Patty A. Gels, certify that the foregoing is a

4    correct transcript from the record of proceedings in the

5    above-entitled matter.

6

7

8

9                                    _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25