UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, N.E. Washington, D.C. 20549<br><br>      Plaintiff,<br><br>      vs.<br><br>DELL INC., MICHAEL S. DELL, KEVIN B. ROLLINS, JAMES M. SCHNEIDER, LESLIE L. JACKSON, NICHOLAS A.R. DUNNING<br><br>      Defendants. | Civil Action No. 1:10-cv-01245 (RJL)<br><br>**PLAINTIFF SEC'S MOTION FOR AN ORDER APPROVING DISTRIBUTION PLAN** |

**PLAINTIFF SEC'S MOTION FOR AN ORDER APPROVING A DISTRIBUTION PLAN FOR THE DELL FAIR FUND**

Plaintiff, the United States Securities and Exchange Commission ("SEC" or the "Commission"), moves the Court for an order authorizing a plan of distribution to injured investors of the funds paid by defendant Dell, Inc. ("Dell") and certain former Dell officers and employees in settlement of the SEC's securities law enforcement actions.

**I.   BACKGROUND**

The SEC entered into settlements with defendants in three civil law enforcement actions in this district relating to Dell Inc. ("Dell").[1]  The Final Judgments entered on October 13, 2010 against each of the Dell defendants provided that monies paid may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  Pursuant to their settlement agreements, the Dell defendants consented to pay a total of $111,418,947 plus accrued

---

[1]   The civil actions are <u>SEC v. Dell Inc., Michael S. Dell, Kevin B. Rollins, James M. Schneider, Leslie L. Jackson, Nicholas A.R. Dunning</u>, Case No. 1:10-cv-01245; <u>SEC v. Robert W. Davis</u>, Case No. 1:10-cv-01464; and <u>SEC v. Randall D. Imhoff</u>, Case No. 1:10-cv-01465.  The defendants in these three civil actions are collectively referred to as the "Dell defendants."

interest, and to date have paid approximately $110,500,000, which was deposited into separate CRIS accounts established in each of the three civil actions.

On December 29, 2010, the Court entered orders consolidating the funds paid by the Dell defendants in the three civil law enforcement actions described above into one fund under this case number (the "Distribution Fund").  The Distribution Fund was thereafter invested in an interest bearing account under the case name designation *SEC v. Dell Inc., Michael S. Dell, Kevin B. Rollins, James M. Schneider, Leslie L. Jackson, Nicholas A.R. Dunning*, Case No. 1:10-cv-01245 (the "Dell CRIS Account").

The Commission moved the Court on October 21, 2011 to establish a fair fund pursuant to Section 308(a) of the Sarbanes-Oxley Act[2] (the "Dell SEC Fair Fund") to distribute the disgorgement and civil money penalties in the Dell CRIS Account.  At that time, the Commission also requested that the Court appoint the Garden City Group, Inc. ("Garden City") as the Distribution Agent charged with assisting the Commission in developing a plan of distribution and administering the distribution itself. The Court granted the Commission's motion to establish the Dell SEC Fair Fund and appoint Garden City as Distribution Agent on November 15, 2011. *See* D.E. 36

Garden City, in consultation with Commission staff, has prepared a Distribution Plan for the Dell SEC Fair Fund, which the Commission now submits to this Court for approval. A copy of the proposed Distribution Plan and accompanying Plan of Allocation is attached as Exhibit 1 to this motion.

---

[2]  Section 308(a) of the Sarbanes-Oxley Act, known as the "Fair Funds" provision, provides that a Court shall, upon the Commission's motion, include a defendant's civil penalties in a disgorgement distribution to benefit victims of securities laws violations.  A fair fund permits the distribution of penalties to investors instead of paying them to the United States Treasury.

II.     ARGUMENT

A.      **The Court May Give Significant Deference to the SEC's Distribution Plan**

It is rare that funds recovered in a securities law enforcement action are adequate to completely compensate all investors for the losses they suffered due to the conduct that violated the federal securities laws. Consequently, nearly every plan to distribute funds obtained in SEC enforcement actions requires choices to be made regarding the allocation of funds among potential claimants within the parameters of the amounts recovered. In recognition of the difficulty of this task, courts give the Commission significant discretion to design and set the parameters of a distribution plan. See *SEC v. Wang*, 944 F.2d 80 (2d Cir. 1991); *SEC v. Levine*, 881 F.2d 1165 (2d Cir. 1989).

Consistent with this discretion, a court's review of a distribution plan proposed by the Commission to distribute disgorgement and penalties obtained in a civil enforcement action focuses on whether the plan is fair and reasonable. See *Official Comm. of Unsec. Creditors of Worldcom, Inc. v. SEC*, 467 F.3d 73, 81 (2d Cir. 2006) ("unless the consent decree specifically provides otherwise[,] once the district court satisfies itself that the distribution of proceeds in a proposed SEC disgorgement plan is fair and reasonable, its review is at an end"), citing *Wang*, 944 F.2d at 85. The Commission believes that the proposed distribution plan for the SEC Dell Fair Fund constitutes a fair and reasonable allocation of the limited funds available and should be approved.

B.      **The Commission's Proposed Distribution Plan Provides a Fair and Reasonable Allocation of the Dell SEC Fair Fund**

The Commission's principal goal in fashioning a distribution plan for the Dell SEC Fair Fund was to identify a methodology that would allocate the available funds fairly and

reasonably, in a manner proportional to the injury investors in Dell's common stock suffered due to the company's improper accounting practices. On July 22, 2010, the Commission charged Dell and others with failing to disclose material information to investors and using fraudulent accounting to make it falsely appear that the company was consistently meeting Wall Street earnings targets and reducing its operating expenses.  In determining a distribution methodology, Garden City and the Commission have proposed a plan that will compensate injured investors for their "Recognized Loss" – a calculation to arrive at a loss figure for purposes of calculating an Eligible Claimant's pro rata participation in the Fair Fund.[3]

As described in more detail in the attached Plan of Allocation, the proposed Distribution Plan will equitably distribute the corpus of the Fair Fund to those Eligible Claimants who suffered economic Recognized Loss as a result of the alleged fraud, as opposed to losses caused by market factors or non-fraud-related factors.  The Distribution Agent shall determine each Eligible Claimant's pro rata share of the Fair Fund based upon each Eligible Claimant's "Net Recognized Loss."  This computation is intended to weigh Potentially Eligible Claimant's claims against one another.  Each Eligible Claimant will receive pro rata shares of the Fair Fund based on his, her or its Net Recognized Loss (as adjusted by Net Market Loss).  The term "Recognized Loss," is not market loss or net market loss.  Rather, it is a calculation to arrive at a loss figure for purposes of calculating an Eligible Claimant's *pro rata* participation in the Fair Fund as described herein.

In addition to fairly allocating the limited funds available, the Commission sought a plan that would expedite the distribution process and minimize the expenses of the distribution and

---

[3] Capitalized terms used herein but not defined shall have the meanings attributed to them in the attached proposed Distribution Plan and Plan of Allocation.

4

the burdens on potential claimants  Therefore, a Potentially Eligible Claimant whose claim was deemed administratively eligible for payment in the class action litigation, styled *In re Dell Inc., Securities Litigation,* Case No. A-06-CA-00726-SS, filed in the United States District Court for the Western District of Texas, Austin Division (*i.e.*, a Class Action Authorized Claimant) as of the date of the Plan of Distribution as approved by the Court is automatically deemed an Eligible Claimant with respect to those Dell Common Stock transactions for which a claim was previously deemed administratively eligible in the Class Action.  Accordingly, a Class Action Authorized Claimant is not required to submit a Proof of Claim Form or verification with respect *only* to those Dell Common Stock transactions for which a claim was previously deemed administratively eligible in the Class Action.

The Commission believes that the proposed distribution plan for the Dell SEC Fair Fund should be approved as fair and reasonable. The plan directs the Fair Fund's proceeds to investors who were harmed by the fraudulent and improper accounting practices alleged in the Commission's lawsuit, and reasonably and fairly allocates the fund in accordance with each Eligible Claimant's Net Recognized Loss.  Moreover, the proposed plan allows the Distribution Agent to take advantage of claims previously filed and authorized in the Dell Class Action, which will expedite the notification, submission, processing and payment of eligible claimants in the Dell SEC Fair Fund distribution.

## III. CONCLUSION

For the foregoing reasons, Plaintiff Securities and Exchange Commission respectfully requests that the Court grant its Motion for an Order Approving a Distribution Plan for the Dell Fair Fund and grant other relief as it deems necessary and proper.

Dated:  September 20, 2012

                                            Respectfully submitted,

                                            /s/Stacey M. Nahrwold
                                            Stacey M. Nahrwold
                                            Attorney for Plaintiff
                                            Division of Enforcement
                                            U.S. Securities and Exchange Commission
                                            100 F Street, NE
                                            Washington, DC 20549-5630
                                            Tel: (202) 551-4770
                                            Fax: (202) 772-9223
                                            Email: nahrwolds@sec.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2012, I caused the service of the United States Securities and Exchange Commission's Motion for an Order Approving Distribution Plan and accompanying exhibits via electronic mail and U.S. Mail on all counsel of record described on the Service List attached hereto.

/s/ Stacey Nahrwold
Stacey Nahrwold
Attorney for Plaintiff
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-6030
Tel: (202) 551-4770
Fax: (202) 772-9223
e-mail: nahrwolds@sec.gov

**SERVICE LIST**
*SEC v. Dell, Inc. et al.*
Case No. 1:10-cv-1245 (RJL)

| DEFENDANT | COUNSEL |
|---|---|
| Dell, Inc. | David M. Zornow<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036<br>212-735-2890<br>914-715-6345<br>david.zornow@skadden.com<br><br>Charles F. Walker<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>1440 New York Avenue, N.W.<br>Washington, D.C.| 20005-2111<br>202.371.7862<br>cwalker@skadden.com |
| Michael S. Dell | John Savarese<br>(212) 403-1235<br>Wachtell, Lipton, Rosen, & Katz<br>51 West 52nd Street<br>New York, New York 10019-6150<br>jfsavarese@wlrk.com<br>Wayne Carlin<br>(212) 403-1324<br>wmcarlin@wlrk.com |
| Kevin B. Rollins | Michael Mann, Esq.<br>Richards Kibbe & Orbe LLP<br>701 8th Street, NW<br>Washington, DC 20001<br>202-261-2990<br>mmann@rkollp.com |
| James M. Schneider | W. Neil Eggleston, Esq.<br>Debevoise & Plimpton LLP<br>555 13th Street N.W.<br>Washington, D.C. 20004<br>(202) 383-8140<br>(202) 256-7433 (cell)<br>wneggleston@debevoise.com |

8

| | |
|---|---|
| Randall D. Imhoff | Michael J. Missal, Esq.<br>K&L Gates LLP<br>1601 K Street, NW<br>Washington DC, DC 20006-1600<br>(202) 778-9302<br>michael.missal@klgates.com |
| Leslie L. Jackson | Sandy Winer, Esq.<br>Foley & Lardner LLP<br>3000 K Street, N.W.; Suite 500<br>Washington, DC 20007<br>202.672.5508<br>(301) 512-8999 (cell)<br>swiner@foley.com |
| Nicholas A. R. Dunning | F. Joseph Warin<br>Gibson Durr & Crutcher<br>1050 Connecticut Avenue N.W.<br>Washington, D.C. 20036<br>(202) 887-3609<br>Fwarin@gibsondunn.com |