**EXHIBIT A**

**PLAN OF ALLOCATION FOR THE DELL SEC FAIR FUND DISTRIBUTION PLAN**

**GENERAL PROVISIONS**

**Definitions:**
The term "market loss" means the amount by which the actual out-of-pocket purchase or acquisition price is greater than the actual sale or holding price of Dell common stock.

The term "market profit" means the amount by which the actual out-of-pocket purchase or acquisition price is less than the actual sale or holding price of Dell common stock.

The terms "net market loss" and "net market profit" means any market loss or profit that occurs from the trading of Dell common stock during the Recovery Period, as discussed in "Computation Of Net Recognized Loss for Each Eligible Claimant" below.

The term "Recognized Loss," as used herein, is not market loss or net market loss.  Rather, it is a calculation to arrive at a loss figure for purposes of calculating an Eligible Claimant's *pro rata* participation in the Fair Fund as described herein.

**To Receive a Distribution from the Fair Fund, a Potentially Eligible Claimant MUST:**

1. Have purchased or otherwise acquired Dell common stock during the Recovery Period and been damaged thereby;

2. Complete and sign a Proof of Claim Form and supply all required documentation; and

3. Submit the completed Proof of Claim Form and required documentation so that it is postmarked for mailing to, or otherwise actually received by, the Fund Administrator on or before _____ ____, 20___.

However, a Potentially Eligible Claimant whose claim was deemed administratively eligible for payment in the class action litigation, styled *In re Dell Inc., Securities Litigation,* Case No. A-06-CA-00726-SS, filed in the United States District Court for the Western District of Texas, Austin Division (*i.e.*, a Class Action Authorized Claimant) as of the date of the Plan of Distribution as approved by the Court is automatically deemed an Eligible Claimant with respect *only* to those Dell Common Stock transactions for which a claim was previously deemed administratively eligible in the Class Action.  Accordingly, a Class Action Authorized Claimant is not required to submit a Proof of Claim Form or verification with respect *only* to those Dell Common Stock transactions for which a claim was previously deemed administratively eligible in the Class Action.  If the claimant engaged in additional Dell Common Stock transactions during the Recovery Period for which a claim was not previously deemed administratively eligible in the Class Action, and would like to make a claim with respect to such transactions, the claimant must submit a written Proof of Claim Form with respect to those transactions only, and comply with the certification requirement set forth in the Proof of Claim Form.

A Class Action Authorized Claimant who makes a claim regarding Dell Common Stock transactions for which a claim was denied in whole or in part by the claims administrator in the Class Action for any reason or for which no claim was submitted to the claims administrator in the Class Action is required to submit a Proof of Claim Form, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim Form as are reasonably available to the Potentially Eligible Claimant.

In addition, if a Class Action Authorized Claimant is a pooled investment fund or entity with more than one underlying beneficiary, a custodian, trustee, or professional investing on behalf of such fund or entity is required to complete a certification, which will require them at a minimum to attest that any distribution to the custodian, trustee, or investment professional representing multiple potentially eligible beneficial owners, will be allocated for the benefit of current or former pooled investors and not for the benefit of management, with respect to all claims on behalf of the fund or entity, *including* those relating to transactions for which a claim was previously authorized in the Class Action.

**Each Proof of Claim Form Must Separately Set Forth:**

1. The claimant's position in Dell common stock as of the close of trading on May 2, 2001, the day before the first day of the Recovery Period;

2. Each transaction, *i.e.,* purchase, acquisition or sale made during the Recovery Period of Dell common stock; and

3. The claimant's position in Dell common stock as of the close of trading on September 8, 2006, the last day of the Recovery Period.

The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another Plan of Allocation, without further notice to Potentially Eligible Claimants.

**BASIS FOR RECOGNIZED LOSS FOR CLAIMS:**

The objective of the Plan of Allocation is to equitably distribute the corpus of the Fair Fund to those Eligible Claimants who suffered economic Recognized Loss as a result of the alleged fraud, as opposed to Net Recognized Loss caused by market factors or non-fraud-related factors. A Net Recognized Loss will be calculated for each purchase or acquisition of Dell common stock that occurred during the Recovery Period, listed in the Proof of Claim Form, and for which adequate documentation is provided.

The Fund Administrator shall determine each Eligible Claimant's pro rata share of the Fair Fund based upon each Eligible Claimant's "Net Recognized Loss." This computation is intended to weigh Potentially Eligible Claimant's claims against one another. Each Eligible Claimant will receive pro rata shares of the Fair Fund based on his, her or its Net Recognized Loss (as adjusted by Net Market Loss).

**Use of "FIFO" Methodology for Computation of Recognized Losses for Eligible Claimants Who Made Multiple Transactions in Dell Common Stock During the Recovery Period**

For Potentially Eligible Claimants who made multiple purchases, acquisitions or sales of Dell common stock during the Recovery Period, the earliest Recovery Period sale shall be matched first against the claimant's closing position the day before the first day of the Recovery Period, and then matched chronologically thereafter against each purchase or acquisition made during the Recovery Period beginning with the earliest purchase or acquisition. Purchases and sales of Dell common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

**Acquisition by Gift, Inheritance or Operation of Law**

Subject to the limitations set forth in the Distribution Plan, if a Potentially Eligible Claimant acquired Dell common stock during the Recovery Period by way of gift, inheritance, devise or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and

price of transfer. To the extent those shares were originally purchased prior to commencement of the Recovery Period, the Recognized Loss for that acquisition shall be zero.

**Treatment of Short Sales**

The date of covering a "short sale" is deemed to be the date of purchase of Dell common stock. The date of a "short sale" is deemed to be the date of sale of Dell common stock. The Recognized Loss for "short sales" is zero. In the event that there is an opening short position in Dell common stock, the earliest Recovery Period purchases shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

**CALCULATION OF RECOGNIZED LOSS PER SHARE**
**Purchases or Exchange Acquisitions of Dell Common Stock**

For shares of Dell common stock purchased or otherwise acquired during the Recovery Period, and:

a)   Sold during the same transaction period as detailed in the Table below, the Recognized Loss Per Share is $0;

b)   Sold on or before the close of trading on September 8, 2006, the Recognized Loss Per Share is the lesser of (but not less than zero): (i) the purchase price minus the sale price; or (ii) the Loss Per Share on the date of purchase shown in the Table below minus the Loss Per Share on the date of sale shown in the Table below;

c)   Still held as of the close of business on September 8, 2006, the Recognized Loss Per Share is the lesser of (but not less than zero): (i) the purchase price minus $21.65; or (ii) the Loss Per Share on the date of purchase shown in the Table below.

| Transaction Period | Loss Per Share |
|---|---|
| May 3, 2001 – August 11, 2005 | $6.39 |
| August 12, 2005 – February 16, 2006 | $3.79 |
| February 17, 2006 – May 8, 2006 | $2.48 |
| May 9, 2006 – August 17, 2006 | $1.38 |
| August 18, 2006 – September 8, 2006 | $0.60 |

**COMPUTATION OF NET RECOGNIZED LOSS FOR EACH SETTLEMENT CLASS MEMBER**
The Recognized Loss with respect to a purchase or acquisition of Dell common stock is calculated by multiplying the number of shares by the appropriate Recognized Loss Per Share, as set forth above. The Net Recognized Loss equals the sum of all Recognized Losses for all transactions.

**NOTE:** ALL MARKET PROFITS SHALL BE SUBTRACTED FROM ALL MARKET LOSSES ON ALL TRANSACTIONS IN DELL COMMON STOCK DURING THE REVOVERY PERIOD TO DETERMINE THE NET MARKET LOSS OF EACH SETTLEMENT CLASS MEMBER.

For purposes of determining whether a Potentially Eligible Claimant had a market profit or suffered a market loss from his, her or its overall transactions in Dell common stock during the Recovery Period, the

Fund Administrator shall: (i) total the amount paid (excluding commissions and other charges) for Dell common stock purchased during the Recovery Period (the "Total Purchase Amount"); (ii) match any sales of Dell common stock during the Recovery Period first against the Potentially Eligible Claimant's opening position in Dell common stock (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received (excluding commissions, etc.) for sales of Dell common stock sold during the Recovery Period (the "Sales Proceeds"); and (iv) assign the holding price of [$21.19] per share for Dell common stock (the closing price of Dell common stock on September 8, 2006) for Dell common stock purchased or acquired during the Recovery Period and still held at the end of the Recovery Period ("Holding Value"). The Total Purchase Amount (i) less the Sales Proceeds (iii) and less the Holding Value (iv) will be deemed a Potentially Eligible Claimant's net market profit or net market loss (a profit occurs if a negative number is calculated) on his, her or its overall transactions in Dell common stock during the Recovery Period.

IF, DURING THE RECOVERY PERIOD, A POTENTIALLY ELIGIBLE CLAIMANT MADE A NET MARKET PROFIT IN HIS, HER, OR ITS TRANSACTIONS IN DELL COMMON STOCK, THE AMOUNT OF THE POTENTIALLY ELIGIBLE CLAIMANT'S CLAIM SHALL BE ZERO. AND IF, DURING THE SETTLEMENT CLASS PERIOD, A SETTLEMENT CLASS MEMBER HAS A NET MARKET LOSS IN HIS, HER OR ITS TRADING IN DELL COMMON STOCK THAT IS LESS THAN HIS, HER OR ITS NET RECOGNIZED LOSS, THE POTENTIALLY ELIGIBLE CLAIMANT'S CLAIM SHALL BE LIMITED TO THE POTENTIALLY ELIGIBLE CLAIMANT'S NET MARKET LOSS.

Payment pursuant to the Plan of Allocation and the Distribution Plan approved by the Court shall be conclusive against all Eligible Claimants. No person shall have any claim against [the Commission] or the Fund Administrator or other agent designated by the Commission based on the distributions made substantially in accordance with the Distribution Plan and the Plan of Allocation, or further orders of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the District of Columbia with respect to his, her or its Proof of Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proof of Claim Forms submitted in connection with the Fair Fund, or otherwise involved in the administration or taxation of the Fair Fund shall be released and discharged from any and all claims arising out of such involvement, and all Potentially Eligible Claimants, whether or not they are to receive payment from the Fair Fund, will be barred from making any further claim against the Fair Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.